UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CHRIS RICE, et al.,** ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> **GOVERNMENT EMPLOYEES** ) <br> **INSURANCE COMPANY d/b/a GEICO,** ) <br> ) <br> *Defendant.* ) | **CASE NO. 5:23-CV-00414-MTT** |

**ORDER REGARDING PROTOCOL FOR THE PRESERVATION AND PRODUCTION
OF ELECTRONICALLY STORED INFORMATION
(ESI PROTOCOL)**

This Order sets forth the stipulated protocol for the preservation and production of electronically stored information ("ESI") and paper documents. (Doc. 69) is hereby **GRANTED**.

**I.      PRESERVATION**

Preservation of relevant ESI shall be reasonable and proportionate. The producing party shall take reasonable steps to preserve, collect, and process documents using methods that avoid spoliation of data.

**II.     PROCESSING SPECIFICATIONS & DATA RETENTION**

1.     <u>De-Duplication</u>. ESI may be de-duplicated globally using industry standard hash values. A party is only required to produce a single copy of a responsive document. A party may remove exact duplicates according to the industry standard hashing method or hash value matching. However—

   a.     De-duplication shall be performed only at the document family level so that attachments are not de-duplicated against identical stand-alone versions of such documents and vice versa.

    b.    Attachments to e-mails or other documents shall not be disassociated from the parent e-mail or document even if they are exact duplicates of another document in the production.

    c.    Paper documents shall not be eliminated as duplicates of responsive ESI.

2.    <u>Metadata Fields and Processing</u>

    a.    The parties shall take reasonable steps to preserve relevant metadata fields to the extent it is relevant, available, and has been maintained.

    b.    The parties are not obligated to manually recreate any metadata that cannot be electronically extracted.

3.    <u>Documents Produced in Native Format</u>.  Certain file types—for example, Microsoft Excel spreadsheets and Microsoft PowerPoint documents—have the potential to lose information and meaning when produced as an image.  The parties have agreed to make reasonable efforts to produce Microsoft Excel spreadsheets, Microsoft PowerPoint documents, or any file type for which an image (*e.g.*, TIFF, JPG, or PDF files) cannot be rendered (*i.e.*, video mpeg or audio wave) in native format.  Whenever possible, electronic data shall be produced in Excel or similar electronic format (*e.g.*, Excel or CSV format). Any documents produced in native format shall be produced with a Bates-numbered slip-sheet stating the document has been produced in native format and noting the document's confidentiality designation.

4.    <u>Redaction</u>. If a document needs to be redacted before production, the file may be rendered in TIFF, JPG, or PDF format, and the TIFF, JPG or PDF may be redacted and produced. To the extent the production of redacted TIFF, JPG, and/or PDF images of Excel spreadsheets significantly degrades the usability of the document, the party may redact the Excel spreadsheet natively using industry standard tools.

5. <u>Other ESI That Is Impractical to Produce in Traditional Formats (Including Structured Data)</u>. The parties understand and acknowledge that certain categories of ESI are structurally complex and do not lend themselves to production in native format or other traditional formats. To the extent that a response to discovery requires the production of such ESI—*e.g.*, discoverable electronic information contained in a database—the parties shall negotiate appropriate parameters for producing discoverable information and generating a report in a reasonably usable and exportable electronic file (*e.g.*, Excel, CSV, or SQL format).

6. <u>Hard Copy Documents</u>. Each page of a paper document shall have a unique file name—*i.e.*, the Bates Number of the document—and shall be branded with its corresponding Bates Number and Confidentiality designation, using a consistent font type and size. In scanning paper documents, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records. The producing party shall take reasonable steps to both physically and logically unitize paper documents. Wherever possible, paper documents shall be produced in text searchable format (*e.g.*, a .pdf in text searchable format).

### III. SEARCH METHODOLOGY

The parties agree that negotiations regarding custodians, non-custodial sources, and search terms to be used to search for relevant documents are intended to be a cooperative process, involving a good faith exchange of information and proposals. Within 30 days after service of written discovery requests, the producing party may ask the propounding party to meet and confer regarding custodians, non-custodial sources, and search terms that the producing party intends to utilize in good faith to identify responsive documents in accordance with its discovery obligations. The parties then shall use the meet and confer in good faith to attempt to reach agreement on the search methodology. Early on in these discussions, if a producing party contends that any

potentially responsive documents are not reasonably accessible, then the producing party shall identify such documents and the basis for declining to produce such documents.

## IV. PRIVILEGE LOG

The parties agree to exchange privilege logs in Excel format that describe the nature of the documents, communications, or other tangible things that are not produced or disclosed in a manner that will enable other parties to assess the claim of privilege, immunity, or other similar claim, without revealing the information itself that is asserted to be privileged or protected, except that the parties shall have no obligation to log correspondence that post-dates the filing date of the initial complaint in this action sent: (1) between in-house attorneys acting in their capacity as counsel; (2) between Plaintiffs and their counsel; (3) between the attorneys representing Plaintiffs and their staff; (4) between in-house attorneys acting in their capacity as counsel and outside counsel of record; and (5) activities undertaken in compliance with the duty to preserve information (including, but not limited to, litigation hold letters).

7. The parties agree that all privilege logs shall include, but not be limited to, the following information:

   a. The date of the document;

   b. The author of the document;

   c. The identity of all persons designated as addressees, carbon copyees, or blind carbon copyees;

   d. The identity of any attorney named on the privilege log, such as identifying the name in italics or appending an asterisk;

   e. A description of the contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the

     subject matter of the document and the basis of the claim of privilege or immunity;

  f. The type or nature of the privilege asserted (e.g., attorney-client privilege, work product doctrine, etc.); and

  g. For redacted Documents only, the Bates Numbers corresponding to the first and last page of any Document that has been redacted.

  h. A sequential number associated with each privilege log record.

8. Each member of a family of a document (*i.e.*, each member of a set of documents in a parent-child relationship) that is withheld or redacted on grounds of privilege shall be identified individually (*e.g.*, email attaching memorandum), but members of the same family—to the extent that such members are also withheld or redacted—may be logged together as a single entry on the privilege log, if the description of the single entry is sufficient for the receiving party to evaluate the claim of privilege or immunity for each redacted or withheld family member.

9. Any email chain (*i.e.*, a series of emails linked together by email responses and/or forwarding) that is withheld or redacted on grounds of privilege or immunity may be logged together as a single entry on the privilege log, and may be identified/logged by the top-most email in the chain that is withheld or redacted. If an email chain is withheld then the producing party must confirm that each individual email in the chain is privileged on the same grounds as the top-most email or, if each individual email in the chain is not privileged on the same grounds as the top-most email (*e.g.*, there is different content or recipients in lesser-included emails) then each individual email as to which a claim of privilege applies must be logged.

Based upon the foregoing Order Regarding Protocol For The Preservation And Production Of Electronically Stored Information, and good cause appearing therefore,

**IT SO ORDERED**, this 12th day of December, 2024.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT