IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRIS RICE, On Behalf Of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 5:23-cv-414 (MTT)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Defendant Government Employees Insurance Company ("GEICO") opposes the plaintiffs' motion (Doc. 95) for clarification or alternatively reconsideration of the Court's June 30, 2025 order (Doc. 92) denying without prejudice plaintiffs' motion for conditional certification and the issuance of court-supervised notice under the Fair Labor Standards Act (Doc. 74).  Doc. 97.  For the following reasons, the plaintiffs' motion for clarification (Doc. 95) is **GRANTED** as stated in this order.

## I. DISCUSSION

The plaintiffs filed a motion for reconsideration primarily seeking confirmation or clarification that the named plaintiff and the six existing opt-in plaintiffs may continue to pursue their claims against GEICO in this case.[1]  Docs. 95; 95-1.

---

[1] Alternatively, if the Court does reconsider its order, the plaintiffs ask that the Court consider issuing notice to similarly situated individuals who worked within three years preceding the Court's order, either in defendant's Macon, Georgia facility or nationwide.  Doc. 95-1.  This request is **DENIED**.

GEICO presents two primary arguments against the motion: (1) the plaintiffs have not met the legal standard for reconsideration, and (2) the opt-in plaintiffs should be dismissed because they are not similarly situated and cannot meet the requirements for permissive joinder.  Doc. 97.  However, GEICO offers no argument that the existing opt-in plaintiffs are not similarly situated.  Instead, GEICO contends that the opt-in plaintiffs should be dismissed from the case without prejudice because the Court has already ruled that the existing plaintiffs are not similarly situated as required under the Fair Labor Standards Act.  *Id.*  But the Court's June 30, 2025 order denying conditional certification without prejudice did not rule that the current opt-in plaintiffs were not similarly situated to the named plaintiff, Chris Rice.  Doc. 92.  Instead, the Court declined to authorize notice to the proposed collective, which included all hourly-paid GEICO employees handling communications with prospective customers nationwide, because of a lack of evidence of a common unlawful policy or practice uniformly resulting in unpaid overtime across the country.  *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278-79 (11th Cir. 2018) ("[C]onditional certification is solely for notice purposes and does nothing to determine if a party becomes a plaintiff.").[2]  GEICO does not otherwise point to any evidence or address specific plaintiffs to argue that the named plaintiff and the six existing opt-in plaintiffs should not be allowed to proceed with their claims against GEICO in this case.

---

[2] *Mickles* presented an issue of first impression: "whether an opt-in plaintiff is required to do anything beyond filing a written consent to become a party plaintiff."  *Id*.  The court held that opt-in plaintiffs become parties to the action "upon the filing of a consent and that nothing further, including conditional certification, is required."  *Id.* at 1278.  The Eleventh Circuit then, as GEICO acknowledges, remanded the case with instructions "for the district court to either (1) dismiss Appellants from the case without prejudice to refile, or (2) go forward with Appellants' individual cases *since discovery has been completed*."  *Id.* at 1281 (emphasis added); *see* Doc. 97 at 5-6.

"When conditional certification is denied, the Court has two options": "Either the 'existing opt-in plaintiffs are dismissed from the lawsuit without prejudice and the matter proceeds on the named plaintiff's individual claims,' or the Court can 'allow[ ] opt-in plaintiffs to stay in the litigation, even after certification is denied.'" *Jackson v. Goosebumps, Inc.*, 2018 WL 11630622, at *3 (N.D. Ga. Apr. 25, 2018) (citing *Mickles*, 887 F.3d at 1278) (alteration in original). The Court has discretion to determine whether the opt-in plaintiffs can proceed individually or whether their claims should be dismissed without prejudice.[3] *Mickles,* 887 F.3d at 1278; *see Ramirez v. SnapMedTech, Inc.*, 2024 WL 3551122, at *7 (N.D. Ga. Feb. 13, 2024); *see also Swope v. Episcopal Found. of Jefferson Cnty.*, 2024 WL 4250258, at *7 (N.D. Ala. Aug. 15, 2024) ("The court, in its discretion, allows the opt-in plaintiffs to continue as named plaintiffs asserting the same FLSA claims they asserted as opt-in plaintiffs."), *unrelated appeal filed by* Case No. 24-12984 (Sept. 13, 2024, 11th Cir.). Given the expiration of the discovery deadline, as well as the extensive opt-in plaintiff discovery conducted by the parties and GEICO's failure to meaningfully address whether the existing plaintiffs are similarly situated, the Court exercises its discretion, for now, to permit the existing opt-in plaintiffs to remain in this case. Accordingly, dispositive motions shall focus on the viability of each individual plaintiffs' claims.

---

[3] *See Fischer v. Fed. Express Corp.*, 42 F.4th 366, 376–77 (3d Cir. 2022) (citing *Prickett v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003); and *Mickle*s, 887 F.3d at 1278); *see also* McLaughlin on Class Actions § 2:16 (2021) ("Unlike absent members of a certified class action, any plaintiff who opts in to a collective action has full party status and obligations.").

## II. CONCLUSION

For the foregoing reasons, the plaintiffs' motion for clarification (Doc. 95) is **GRANTED** as stated in this order.

**SO ORDERED**, this 24th day of July, 2025.

<u>S/ Marc T. Treadwell</u><br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT

Case 5:23-cv-00414-MTT     Document 98     Filed 07/24/25     Page 4 of 4